# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-224

**KATRINA JOHNSON**

**VERSUS**

**SAFEWAY INSURANCE COMPANY, ET AL.**

**consolidated with**

**ERIC WASHINGTON**

**VERSUS**

**SAFEWAY INSURANCE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 100, 922 c/w 101,595
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

Jeanne R. Perrin
Borne & Wilkes, L.L.P.
Post Office Box 4305
Lafayette, Louisiana 70502-4305
(337) 232-1604
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Safeway Insurance Company

**Barry M. Barnett**
**LaCroix, Levy & Barnett, L.L.C.**
**Post Office Box 1005**
**Alexandria, Louisiana  71309-1005**
**(318) 443-7615**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Eric Washington**

**Donald R. Brown**
**Post Office Drawer 12478**
**Alexandria, Louisiana  71315-2478**
**(318) 487-9976**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Katrina Johnson**

**Bradley J. Gadel**
**728 Jackson Street**
**Alexandria, Louisiana  71301**
**(318) 448-4406**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**American Century Casualty Company**

**GENOVESE, Judge.**

In this personal injury case arising out of an automobile accident, Defendant, Safeway Insurance Company of Louisiana (Safeway), appeals the judgment of the trial court in favor of Plaintiffs, alleging error with its fault allocation and quantum assessments. After thorough consideration of the record, applicable law, and the manifest error standard of review, we affirm the judgment of the trial court.

## FACTS

On August 9, 2004, Plaintiff, Eric Washington (Mr. Washington), was driving a vehicle owned by Plaintiff, Katrina Johnson (Ms. Johnson). Ms. Johnson was a passenger in the vehicle at the time of the accident. Although there is a conflict in the testimony as to what exactly occurred, just prior to the accident, Mr. Washington and Ms. Johnson were traveling west on Richmond Drive (Richmond), in Alexandria, Rapides Parish, Louisiana. Richmond, at its intersection with West Sandy Bayou Drive (West Sandy), is controlled by a stop sign. West Sandy is the favored street. From Richmond, Mr. Washington turned right onto West Sandy. As Mr. Washington and Ms. Johnson were traveling north on West Sandy, their vehicle was struck, or side-swiped, on the left side by a vehicle also traveling north on West Sandy and being operated by Defendant, Mary Ann James (Ms. James).

Both Mr. Washington and Ms. Johnson filed lawsuits against Ms. James and Safeway, the liability insurer for the James vehicle, seeking damages as a result of said accident. Safeway's policy limits were $10,000/$20,000. Ms. Johnson later amended her suit to name Mr. Washington and his liability insurer, American Century Casualty Company, as additional Defendants. The two suits were later consolidated.

A bench trial was held on September 14, 2005, at which Ms. James was

1

dismissed, with prejudice, pursuant to Safeway's motion to dismiss for lack of service of process upon her. In its oral reasons for judgment, the trial court held that Ms. James was 100% at fault in causing the accident and awarded Mr. Washington and Ms. Johnson Safeway's policy limits in the amount of $10,000 each. Judgment was signed on October 3, 2005. Safeway appealed.

## ISSUES

In its two assignments of error, Safeway argues that the trial court erred in concluding (1) that Ms. James was solely at fault in causing the accident; and (2) that Ms. Johnson and Mr. Washington were entitled to $10,000 each in damages for the injuries sustained by them as a result of the accident made the basis of this litigation.

## LAW AND DISCUSSION

### *Allocation of Fault*

An assessment of fault is a factual determination. Thus, an appellate court reviewing a fact finder's allocation of fault owes the same deference to that finding as it does to any other factual determination and such determination should not be disturbed on appeal unless it is clearly wrong or manifestly erroneous. *Clement v. Frey*, 95-1119 (La. 1/16/96), 666 So.2d 607.

Safeway contends that the trial court was manifestly erroneous in its assessment of 100% fault to Ms. James. Safeway argues that Mr. Washington should have been found at fault for the accident at issue herein. Safeway argues that Mr. Washington pulled out in front of Ms. James and violated La.R.S. 32:123(B)[1] by

---

[1] **Louisiana Revised Statutes 32:123. Stop signs and yield signs**:

    B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

failing to stop and/or yield the right of way to Ms. James, who was traveling on the favored roadway. Safeway asserts that the trial court erred in concluding that Ms. James was solely at fault and that Mr. Washington was free from fault. We disagree.

In his testimony, Mr. Washington asserts that, immediately prior to the accident and while his vehicle was stopped at the intersection of Richmond and West Sandy, he observed Ms. James' vehicle proceeding toward Richmond, and it appeared that Ms. James was slowing down for a speed bump that was at least two houses away from the intersection. Mr. Washington, while at a complete stop, testified that he felt it was safe to proceed and then turned right onto West Sandy. He further testified that after completing his right turn onto West Sandy, he drove a short distance before he noticed in his rear-view mirror that Ms. James' vehicle was approaching fast. Mr. Washington testified that Ms. James' vehicle struck, or side-swiped, his vehicle on the left side, at or near the bus stop sign on West Sandy.

Ms. Johnson's testimony supported Mr. Washington's version of events. In her testimony, Ms. Johnson asserts that, immediately prior to the accident, while Mr. Washington was stopped at the intersection of Richmond and West Sandy, she also saw Ms. James' vehicle and that it "hadn't even made it to the speed bump." Ms. Johnson testified that, after Mr. Washington came to a complete stop on Richmond and completed his right turn onto West Sandy, he proceeded at "no more than ten miles per hour" before the impact occurred "in front of the second house on West Sandy Bayou from the corner of Richmond."

In her testimony, Ms. James stated that she was traveling north on West Sandy at approximately twenty-five miles per hour. Ms. James testified that as she drove north on West Sandy she saw Mr. Washington's vehicle stopped at the stop sign and

3

that she also saw the eyewitness, Jawanna Jones, playing outside. Ms. James stated "as I got closer I guess they decided they was gonna turn out in front of me and I was going too fast just to stop, to slam on brakes and I wanted to avoid an accident so I swerved to the left." Ms. James testified that as Mr. Washington turned right, she was traveling approximately twenty-five miles per hour before the collision occurred. She testified that the impact occurred at "the house, we had been past the intersection and we was close to the house."

Jawanna Jones, then twelve years of age, was an eye-witness to the accident and testified that she observed the entire incident while playing under the carport of her home on West Sandy. Ms. Jones testified that she observed the vehicle being driven by Mr. Washington stopped at the intersection and that Ms. James' vehicle was approaching from an even further distance than that reported by Mr. Washington and Ms. Johnson. Ms. Jones testified that she observed Ms. James traveling fast and that she did not slow down for the speed bumps. Ms. Jones stated "[Mr. Washington] was going about fifteen and then that is when [Ms. James'] vehicle tried to swerve into [Mr. Washington's] lane cause [Ms. James] was on the wrong side and [Ms. James] tried to swerve on to [Mr. Washington's] lane to get in the right side and . . . [Ms. James'] car hit [Mr. Washington's] car and then both of them stopped."

Finally, when the investigating officer failed to appear in court for trial, the parties agreed to the introduction of the accident report in lieu of his testimony. The report contains Mr. Washington's version much the same as his trial testimony; however, in the report, Ms. James' version clearly differs from her testimony at trial. In said report, Ms. James' claimed that she was traveling north on West Sandy when Mr. Washington "ran the stop sign so to avoid hitting [Mr. Washington's vehicle Ms.

4

James] tried to pass, but [Mr. Washington's vehicle] came into [Ms. James'] lane and they hit." At trial, Ms. James denied ever telling the investigating officer that Mr. Washington ran the stop sign.

The standard of review for courts of appeal for reviewing both factual findings and questions of credibility is well-established.

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. . . . Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.

*Robin v. Allstate Ins. Co.*, 03-1009, 03-926, p.4 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 406, *writ denied*, 04-1383 (La. 9/24/04), 882 So.2d 1143 (citing *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted)).

In its oral reasons for judgment, the trial court expressly stated:

> I think the case pretty much rests on two specific factors, one which being the testimony of Ms. [Jawanna] Jones who is obviously a disinterested witness had no connection to any of the parties, had no dog in this fight so to speak and she testified she felt that Ms. James was exceeding the speed limit and approached the intersection very quickly and the impact, everybody agrees the impact occurred at least a block or I should say a house down from the intersection on West Sandy after the Washington vehicle made a right hand turn. Also I think Ms. James pretty much solidified everything with her final testimony about the location of the incident and the way she tried to avoid the accident which was to swerve around it rather than to stop. She had sufficient time, she saw the Washington vehicle before the turn, she had sufficient time to stop and could have avoided the accident. I think everything was consistent on that so I find a hundred percent liability on Ms. James and award damages against Safeway Insurance Company since they are the named insured and direct action is proceeding against Safeway at this time.

In this case, it is clear that the trial court made a demeanor and credibility determination based upon the conflicting testimony. Recognizing that the trier of fact

5

is in the best position to assess the demeanor and judge the credibility of witnesses when there is conflicting testimony, we find that the trial court was not manifestly erroneous or clearly wrong in determining that Ms. James was solely at fault in this accident.

### *Quantum*

Safeway also contends that the trial court's damage awards are excessive. Safeway argues that the trial court abused its discretion by awarding Mr. Washington and Ms. Johnson total damages in the amount of $10,000 each. Safeway contends that the medical records indicate that Mr. Washington and Ms. Johnson were essentially pain free soon after the accident and, therefore, the trial court's damage awards should be reduced.

This court's review of a general damage award is guided by *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). In that case, the supreme court stated:

> [T]he discretion vested in the trier of fact is "great," and even vast so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

*Id.* at 1261.

Mr. Washington testified that he injured his lower back as a result of the accident. Mr. Washington further testified that he received chiropractic treatment for his injuries for two months, but that he also experienced intermittent pain after his treatment ceased. Mr. Washington's medical bills totaled $1,445.

6

Ms. Johnson testified that she also injured her lower back as a result of the accident. Ms. Johnson further testified that she received chiropractic treatment for her injuries from August 11, 2004, through the date of her discharge on November 17, 2004. Ms. Johnson's medical bills totaled $2,760.

When assessing the damage awards , the trial court explained:

Ms. Johnson, who is the guest passenger[,] had treatment that lasted for three and a quarter months. Her treatment obviously, her conditions got better over that period of time but she did have a three, at least a three month injury according to the records and the testimony I heard. She had medical bills totaling $2,760.00. Normally I would award more than the $10,000.00 policy limit based on the fact that I am limited to that amount, it is a $10,000.00 award against Safeway Insurance Company and in favor of Ms. Johnson. Eric Washington had treatment that lasted for two and a third months, at the last treatment he still was having pain. He also testified today that he was having some pain here approximately a year later. I found him to be a credible witness, he had no prior claims or any other thing that, anything that I saw that would discredit his testimony so I find him to be a credible witness and again would award more than ten [thousand] in this particular case but he has medical bills of $1,445.00 which I find related to the accident. General damages would be in the neighborhood of eight to ten under my normal awards so with him I also award the sum of $10,000.00 against Safeway limited by the amount of insurance coverage.

The trial court found both Mr. Washington and Ms. Johnson to be forthright regarding their injuries. The trial court was in the best position to judge the credibility, demeanor, and mannerisms of Mr. Washington and Ms. Johnson while in court and while testifying. We find no abuse of the trial court's discretion in either of these awards.

### DECREE

For the above reasons, the judgment of the trial court is affirmed. Costs are assessed to Defendant/Appellant, Safeway Insurance Company.

**AFFIRMED.**